FILED
2003 AUG 12 PM 3:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CITY OF BIRMINGHAM RETIREMENT & RELIEF FUND, | } } } } | |
| Plaintiff, | } } | |
| v. | } } | CV-03-BE-0994-S |
| CITIGROUP, INC., et al., | } } } | |
| Defendants. | } | |

ENTERED
AUG 12 2003

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion to Remand or Abstain and Defendants' Motion for An Order Striking Plaintiff's Motion to Remand or Abstain. (Doc. 12, 17). Based on the reasons discussed below, the court finds Plaintiff's Motion to Remand or to Abstain is due to be GRANTED and the case remanded to state court.

### I. Background

The case arises from the financial decline of the WorldCom Corporation ("WorldCom"). The City of Birmingham Retirement & Relief Fund purchased several billion dollars worth of WorldCom securities and bonds. WorldCom filed a petition under Chapter 11 on July 21, 2002, in the United States Bankruptcy Court for the Southern District of New York. On April 15, 2003, the City of Birmingham Retirement & Relief Fund filed suit in the Circuit Court for Jefferson County against CitiGroup, Inc., Salomon Smith Barney, Inc., J.P. Morgan Securities, Inc., J.P. Morgan Chase & Co., Bank of America Corp., Banc of America Securities LLC, ABN AMRO Incorporated, Deutsche Bank AG, Deutsche Banc Alex Brown Inc., Lehman Brothers

Holding Inc., Lehman Brothers Inc., Credit Suisse Group, Credit Suisse First Boston Corp., NationsBanc Montgomery Securities LLC, and Arthur Anderson for violations of § 11 of the Securities Act of 1933. The plaintiff alleges the defendants negligently acted as underwriters in the sale of billions of dollars of bonds and securities that are now worthless. (*See* Pl. Comp. 1). Notably, WorldCom is not a defendant in this action.

      Defendants removed this case based on possible contractual indemnification and other contractual rights the defendants may have against the WorldCom estate. (Doc. 1) Defendants requested, and an order was entered, staying the proceedings pending determination by the Judicial Panel on MultiDistrict Litigation ("JPML") whether to transfer this action to the District Court for the Southern District of New York pursuant to 28 U.S.C. § 1407. (Doc.4, 6) On May 30, 2003, the JPML granted conditional transfer of this suit to the Southern District of New York pursuant to 28 U.S.C. § 1407. The plaintiff has notified this court of its intention to file a notice of opposition. The decision of the JPML "does not affect or suspend orders" by the district court to remand or transfer, and therefore this court has jurisdiction to rule on plaintiff's pending motion to remand to state court. Panel Rule 1.5, 199 F.R.D. 425, 427 (2001).

## II. Discussion

**A. Remand Standard**

      Claims that are related to bankruptcy cases may be removed to the district court "if such district court has jurisdiction . . . under section 1334." 28 U.S.C. § 1452. Section 1334 provides "original jurisdiction . . . of all civil proceedings arising under, arising in or related to cases arising under title 11." 28 U.S.C. § 1334. Federal courts have an independent obligation to carefully examine whether subject matter jurisdiction exists. *Engineering Contractors Ass'n of*

*South Florida v. Metropolitan Dade County*, 122 F.3d 895, 903 (11th Cir. 1997) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 601, 107 L.Ed. 2d 603 (1990)).

Federal courts are courts of limited jurisdiction. *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). The federal courts' authority to hear cases is authorized by the Constitution and Congress of the United States. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *City of Huntsville v. City of Madison*, 24 F.3d 169, 171 (11th Cir. 1994). The existence of federal jurisdiction "is not to be presumed or implied." *BellSouth Telecommunications, Inc. v. MCImetro Access Transmission Services, Inc.*, 317 F.3d 1270, 1301 (11th Cir. 2003).

In determining subject matter jurisdiction, the court must examine the "procedural posture" of the case at the time of removal. *In re Bethesda Memorial Hosp., Inc.*, 123 F.3d 1407, 1412 (11th Cir. 1997). The removing party has the burden of proving federal jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Any uncertainties as to federal jurisdiction "are to be resolved in favor of remand." *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). The determination to remand based on lack of subject matter jurisdiction is not reviewable. *In re Decorator Industries, Inc.*, 980 F.2d 1371, 1373 (11th Cir. 1992).

**B. Whether 28 U.S.C. § 1452 preempts 15 U.S.C. §77v(a)**

The plaintiff contends that removal in this case was improper based on the expressed prohibition of removal under 15 U.S.C. § 77v(a) by Congress. This particular section provides that, except for certain class action suits, "no case arising under th[e] [Securities and Exchange Act of 1933] and brought in any State court of competent jurisdiction shall be removed to any

court of the United States." 15 U.S.C. § 77v(a).

The defendants contend that, when a suit is related to a pending bankruptcy case, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claims or causes of action under section 1334 of this title." 28 U.S.C. § 1452. Section 1334(b) gives the district courts original, although not exclusive, jurisdiction over cases arising under, in, or related to bankruptcy under Title 11, "[n]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court." 28 U.S.C. § 1334(b). Thus, the issue before the court focuses on which statute - 15 U.S.C. § 77v(a) or 28 U.S.C. § 1452 - takes precedence.

The circuits are split as to whether the language in 15 U.S.C. § 77v(a) expressly prohibits removal of cases related to a bankruptcy under 28 U.S.C. § 1452. The Eleventh Circuit has not addressed the issue because it relates to subject matter jurisdiction and 28 U.S.C. § 1447 bars review of remanded "bankruptcy-related and securities related claims." *Ariail Drug Co. v. Recomm Intern. Display, Inc.*, 122 F.3d 930, 933 (11th Cir. 1997).

While not controlling, this court finds guidance in *Tennessee Consolidated Retirement System v. Citigroup, Inc.*, 2003 U.S. Dist. LEXIS 10266 (M.D. Tenn. 2003). The Tennessee Consolidated Retirement System ("TCRS") alleged misrepresentations were made by WorldCom's investment bankers and accountants in violation of Section 11 of the Securities Act of 1933, with jurisdiction under Section 22(a) of the Act.[1] The court concluded that Section 22(a) was a special statute, and, based on statutory construction, controlled over the removal

---

[1] Section 22(a) of the Securities and Exchange Act is codified at 15 U.S.C. § 77v(a). Thus, *TCRS* involved the same statutes that are at issue here.

4

statutes 28 U.S.C. §§ 1452, and 1334(b), which were general statutes. *Tennessee Consolidated Retirement System,* 2003 U.S. Dist. LEXIS 10266 (M.D. Tenn. 2003). The court recognized "Congress' express[ed] desire to allow state court actions" based on "clear statutory prohibition"of removal in Section 22. *Id.* The court granted TCRS's motion to remand with a thirty day stay to allow any party an opportunity to appeal the order because the case was one of first impression in the Sixth Circuit. *Id.*

This court also finds that Section 22 of the Securities Act of 1933 is a special statute that takes priority over the general removal statutes, 28 U.S.C. §§ 1334(b) and 1452. Section 22 of the Securities Act of 1933 expressly prohibits removal. A special statute, despite date of enactment, will supercede a general statute in opposition. *Panama Canal Co. v. Anderson,* 312 F.2d 98, 100 (5th Cir. 1963). Because plaintiff's claims arise under § 11 of the Securities Act of 1933 and because 15 U.S.C. § 77v(a) specifically precludes removal, this court finds that the defendants have failed to meet their burden to properly prove jurisdiction exists.

## C. "Related to" Jurisdiction

Another reason exists for remand of this case because it does not "relate to" WorldCom's bankruptcy. Defendants removed this action pursuant to 28 U.S.C. § 1452 based on entitlement of contractual indemnification for any losses incurred with respect to services provided to WorkdCom. (Doc. 1). The defendants, thus, claim that the plaintiff's suit against them "relate to" WorldCom's bankruptcy. The claims filed by plaintiff do not specifically relate to WorldCom's bankruptcy. Plaintiff argues that defendants' indemnification and contribution claims against the WorldCom estate will be extinguished and have no "conceivable effect" on the estate when WorldCom's Reorganization Plan ("Plan") with the United States Bankruptcy Court

is confirmed in August 2003, thereby eliminating the defendants' sole basis for removal. The Plan provides that the defendants' claims for indemnification and contribution will be accorded no value.

The Third Circuit established the standard for determining whether an action is "related to" bankruptcy for purposes of federal jurisdiction. *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984). The court explained that the "test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivable have any effect on the estate being administered in bankruptcy." *Id.* at 994. To be related to bankruptcy, "the proceeding need not necessarily be against the debtor or against the debtor's property." *Id.* The court further noted that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Id.* The Eleventh Circuit adopted the *Pacor* standard without alteration. *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990). The key wording of the *Pacor* standard, specifically the term "conceivable," grants broad jurisdiction. *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999).

This court has found no cases in which the Eleventh Circuit has specifically addressed whether indemnity claims are "related to" a bankruptcy. However, two district courts within the circuit have applied the *Pacor* standard to claims for indemnification against a bankruptcy estate and reached concurring conclusions. *See Retirement Systems of Alabama v. J.P. Morgan Chase & Co.*, 285 B.R. 519 (M.D. Ala 2002); *Skylark v. Honeywell Int'l, Inc.*, 2002 WL 32101980 (S.D. Fla. 2002) (slip opinion).

6

In *Retirement Systems of Alabama v. J.P. Morgan Chase & Co.*, the defendants claimed "related to" jurisdiction based on indemnity agreements made with WorldCom. The court examined the *Pacor* test and found that "indemnification claims [were] contingent, not absolute," and therefore the "lawsuit's potential effect" on the estate was "speculative and premature." *Retirement Sys. of Alabama*, 285 B.R. at 527. While the court noted the broad jurisdictional grant allowed under the test, it also acknowledged the Third Circuit's language after announcing the standard and found that the "*Pacor* situation [was] analogous" to *Retirement System of Alabama* ("RSA") case. *Id.*

> Our examination of the Higgins-Pacor-Manville controversay leads us to conclude that the primary action between Higgens and Pacor would have no effect on the Manville bankruptcy estate, and therefore is not "related to" bankruptcy within the meaning of section [1334(b)]. At best, it is a mere precursor to the potential third party claim for indemnification by Pacor against Manville. Yet the outcome of the Higgens-Pacor action would in no way bind Manville, in that it could not determine any rights, liabilities, or course of action of the debtor... Even if the Higgins-Pacor dispute is resolved in favor of Higgins, ... Manville would still be able to relitigate any issue, or adopt any position, in response to a subsequent claim by Pacor.

*Retirement Systems of Alabama v. J.P. Morgan Chase & Co.*, 285 B.R. 519, 527 (M..D. Ala 2002) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir. 1984)). The court abstained from exercising jurisdiction and concluded that "uncertainty remain[ed] over the issue of § 1334(b) 'related to' jurisdiction despite the indemnity agreement and ... proof of claim." *Id.*

In *Skylark v. Honeywell Int'l, Inc.*, plaintiff suffered from terminal cancer allegedly brought about by asbestos brake assemblies used throughout plaintiff's career. 2002 WL 32101980, *1 (S.D. Fla. 2002). Defendant Honeywell International, Inc. f/k/a Allied-Signal, Inc. ("Allied") removed to federal court based on cross-claims for "contribution and indemnity

against Federal Mogul which had filed Chapter 11." *Id.* The court found that Allied's potential claims of contribution and indemnity had "no bearing on the estate in bankruptcy unless and until Plaintiff obtain[ed] a judgement against Allied." *Id.* at *3. Because of the contingent nature, the court ruled that the claims were "simply too speculative and premature to support removal." *Id.*

This case is also analogous to the *Pacor* situation. The primary action between plaintiff and defendants has no effect on the WorldCom bankruptcy estate, but at best is merely a precursor to a potential claim for indemnification against WorldCom by the defendants. The potential claim must still be litigated to determine WorldCom's liability to the defendants. Any potential effect on the bankruptcy estate due to litigation between defendants and WorldCom is speculative and premature. Until defendants actually file suit and obtain a favorable judgment, the potential indemnity claims against WorldCom have no effect on the bankruptcy estate. The outcome of the current action will not bind WorldCom or determine WorldCom's rights, liabilities, or course of action if and when defendants file suit.

Because the defendants have failed to clearly prove jurisdiction under 28 U.S.C. § 1452, and because this court must resolve all doubts in favor of remand, the Plaintiff's Motion to Remand or Abstain is hereby GRANTED and the case is remanded to state court. The court does not address the plaintiff's request to abstain. The clerk is order to transfer the file on this case back to Jefferson County Circuit Court.

Dated this 12th day of August, 2003.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE